UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL J. SMOLEN,

                      Plaintiff,

v.

C.O. LAWTON P. BROWN, JR., *et al.*

                      Defendant.

No. 18-CV-7621 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    Pro se Plaintiff Samuel J. Smolen, Jr. ("Plaintiff"), an inmate in Wende Correctional Facility, brings this Action against Corrections Officer ("C.O.") Lawton P. Brown ("Brown"), C.O. Elvin D. De La Rosa ("De La Rosa"), C.O. Tyrone D. Darden ("Darden"), Sergeant Andrew Nevins ("Nevins"), C.O. Lyle L. Carrington ("Carrington"), Lieutenant Brian J. Bodge ("Bodge"), an unknown nurse ("Nurse Doe"), an unknown inmate ("Inmate Doe"), and I.G.R.C. Supervisor Q. Quick ("Quick") (collectively, "Defendants"). (*See generally* Compl. (Dkt. No. 2).) Plaintiff brings this Action pursuant to 42 U.S.C. § 1983, asserting violations of the First, Eighth, and Fourteenth Amendments. On October 11, 2018, the Court granted Plaintiff's application to proceed in forma pauperis. (Dkt. No. 4.) Before the Court is Plaintiff's Application to Appoint Pro Bono Counsel (the "Application"). (Dkt. No. 80.)

    Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether

appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "should . . . determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). Second, "[i]f the claim meets this threshold requirement," the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before

2

appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff alleges that, while he was incarcerated at Sing Sing Correctional Facility, he was physically assaulted multiple times by corrections officers. (*See* Compl. 3–5.) Plaintiff also alleges that he tried to file a grievance in connection with the assaults, but the corrections officers he gave the grievances to refused to file them. (*See id*. at 5–7.)

For the purpose of addressing the Application, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (quotation marks omitted); *see also McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit"); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same); *Simmons v. Diaz*, No. 17-CV-8886, 2018 WL 11258138, at *4 (S.D.N.Y. May 8, 2018) (same).

However, turning to the second inquiry under *Hodge* regarding prudential factors, the Court finds that Plaintiff has not shown why he needs counsel. Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of N.Y.*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Indeed, Plaintiff's "complaint articulates a clear and concise statement of the facts, demonstrating his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006). Plaintiff's claim is largely based on the retelling of

3

events that happened in his presence and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Additionally, Plaintiff has demonstrated his ability to present the case himself through his submissions in this instant Action that adequately express his arguments and desired forms of relief. *See Harrison v. N.Y.C. Admin. for Children s Servs.*, No. 02-CV-947, 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (noting that the plaintiff was "capable of presenting her own case" where, "[i]n submissions to the court, she . . . demonstrated an ability to make arguments and draft pleadings").

In his Application, Plaintiff states that he needs a lawyer because he is "legally blind in both eyes," 77 years old, and a cancer patient. (*See* Application.) Although the Court has sympathy for Plaintiff's health issues, "the Court finds that Plaintiff has not met his burden to demonstrate that his illness prevents him from effectively prosecuting his case." *Ahmad*, 2020 WL 3972274, at *3; *see also Thompson v. N.Y. State Corr. & Cmty. Supervision*, No. 22-CV-0289, 2022 WL 2164786, at *7 (N.D.N.Y. June 14, 2022) (denying pro se plaintiff's request for pro bono counsel where he was, inter alia, blind); *Douglas v. Salotti*, No. 15-CV-636, 2017 WL 1382094, at *1 (W.D.N.Y. Apr. 18, 2017) (denying appointment of counsel where the "plaintiff has not demonstrated that his [medical issue] presents a permanent hindrance to him prosecuting his case"); *Thousand v. Wrest*, No. 14-CV-6616, 2016 WL 3477242, *6 (W.D.N.Y. 2016) ("[W]hile [the p]laintiff contends that his . . . impairment is a factor weighing in favor of appointment of counsel, it does not appear that such impairment has hindered him."); *Walters v.*

*N.Y.C. Health Hospital Corp.*, No. 02-CV-751, 2002 WL 31681600, *2 (S.D.N.Y. 2002) ("Although a plaintiff's disability can support an application for counsel . . . here . . . it appears . . . that any purported disability has not significantly hampered [the p]laintiff's ability to prosecute his case to date."). If Plaintiff's health issues "persist, the Court can then reconsider whether appointment of counsel is necessary." *McCray*, 2020 WL 4229907, at *2.

Plaintiff states in his Application that he has "written to several lawyers without getting a reply." (Application.) "While these efforts are commendable, this factor alone does not outweigh the additional *Hodge* factors discussed above." *Simmons*, 2018 WL 11258138, at *4; *see also Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena*, 2013 WL 1165554, at *1 (finding that the plaintiff's "search was certainly not an exhaustive one").

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding any change of circumstances that

5

would support a renewed application, including when and if this case goes to trial. *See Falls v. Pitt*, No. 16-CV-8863, 2022 WL 2162983, at *2 (S.D.N.Y. May 6, 2022) ("[T]he Court can again consider appointing counsel if and when this case [] proceed[s] to trial." (alterations in original)). The Clerk is directed to terminate the pending Application, (Dkt. No. 80), and mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:   September 12, 2022
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE