UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL J. SMOLEN,

                Plaintiff,

        v.

C.O. LAWTON P. BROWN, *et al.*,

                Defendants.

No. 18-CV-7621 (KMK)

ORDER OF DISMISSAL

---

KENNETH M. KARAS, United States District Judge:

      On December 16, 2022, Defendants advised the Court that "the most recent mailing address provided by Plaintiff for service is not current." (Letter from Kathryn Martin, Esq. to Court (Dec. 16, 2022) 1 (Dkt. No. 92).)  Specifically, Defendants indicated that: "A copy of [Defendants' pre-motion] letter was served on Plaintiff at Wende Correctional Facility (i.e., the mailing address provided on the docket) by mail [on November 30, 2022].  The mailing sent to Plaintiff, [was], however, [] returned to this office as undeliverable by the U.S. Postal Service.  A handwritten note on the returned mailing indicate[d] that Plaintiff was discharged on July 19, 2022.  A review of DOCCS' incarcerated individual lookup website . . . reveal[d] that Plaintiff was 'released to another agency' on that date.  Plaintiff has failed to provide Defendants or the Court with a current mailing address, as is his responsibility." (*Id.*)

      On December 21, 2022, Defendants filed their Motion for Summary Judgment on the issue of exhaustion of administrative remedies and Plaintiff's failure to protect claim.  (Not. of Mot. (Dkt. No. 93).)  By Opinion & Order dated September 22, 2023, the Court denied Defendants' Motion, which Plaintiff had not opposed.  (*See* Op. & Order (Dkt. No. 101).) Thereafter, the Clerk of the Court mailed a copy of the Opinion & Order to Plaintiff at the

address provided to the Court and listed on the docket sheet located at Wende Correctional Facility.  (*See* Dkt. (entry for Sept. 25, 2023).)

On October 5, 2023, in advance of a status conference scheduled for October 12, 2023, Defendants again notified the Court that "Plaintiff [had] failed to provide Defendants or the Court with a current mailing address, as is his responsibility; therefore, [Defendants' counsel has been] unable to arrange his appearance for the October 12th conference as [she] would normally for an incarcerated plaintiff." (Letter from Kathryn Martin, Esq. to Court (Oct. 5, 2023) 1 (Dkt. No. 102).)  That same day, the Court issued an Order to Show Cause, directing Plaintiff to "submit a written notification to the Court of his changed address or otherwise show cause, by no later than November 6, 2023, as to why this case should not be dismissed for failure to prosecute." (Order to Show Cause 2 (Dkt. No. 103).)  The Court warned that it could "dismiss this case with prejudice without further notice in the event that good cause is not shown." (*Id.*)

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853,

855 (2d Cir. 1972)).  The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters."  *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning."  *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *accord Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).  No single factor is dispositive.  *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action.  As an initial matter, Plaintiff has not communicated with the Court since May 23, 2022—nearly a year and a half ago.  (*See* Letter from Samuel Smolen to Court (May 23, 2022) (Dkt. 87).)  Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case.  (*See* Order 2 (Dkt. No. 4) ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."); *see also* Order to Show Cause 2 (directing Plaintiff to submit a written notification to the Court of his changed address and warning that, if he failed to do so, "[t]he Court may dismiss this case

3

with prejudice [for failure to prosecute] without further notice").)  However, Plaintiff has not updated his address, he did not update his address upon being transferred or released from Wende Correctional Facility, and Defendants do not have Plaintiff's current address.  (*See, e.g.*, Letter from Kathryn Martin, Esq. to Court (Dec. 16, 2022) 1.)  Nor has Plaintiff responded to the Court's October 5, 2023 Order To Show Cause.  (*See generally* Dkt.)

In addition, the Court finds that no sanction less than dismissal will alleviate the ongoing prejudice to Defendants of continuing to keep this Action alleging violations of his constitutional rights—which has been pending for over five years, (*see* Dkt. Nos. 1–2)—open.  *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2010) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case.").  In addition, the Court emphasizes that it needs to avoid calendar congestion and, more importantly, to ensure an orderly and expeditious disposition of all cases before it.  Thus, although "[t]he Court affords [Plaintiff] special consideration as a pro se litigant[,] . . . a plaintiff's pro se status should not explain or excuse disregard for or abandonment of his own lawsuit."  *Hardimon*, 2014 WL 2039116, at *2; *see also Shim Cho v. Tomczyk*, No. 05-CV-5570, 2007 WL 3254294, at *2 (E.D.N.Y. Nov. 2, 2007) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." (citation omitted)).

Accordingly, this Action is dismissed without prejudice for failure to prosecute.  *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646,

at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." (internal quotation marks omitted)); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the [p]laintiff can be responsible for notifying the court and the [d]efendant of his updated address, and [the p]laintiff's failure to do so has made it impossible to provide him any notice.").

      The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's address, and to close this case.

SO ORDERED.

Dated:   November 7, 2023
           White Plains, New York

                                                    KENNETH M. KARAS
                                              United States District Judge